Motion to dismiss appeal submitted March 23, appeal dismissed March 30, 1920.

## BAILLIE v. COLUMBIA GOLD MINING CO.

(188 Pac. 418.)

**Appeal and Error—Mandamus—Order Requiring Defendants to Return Corporate Records to the State and Produce Them in Court not Appealable.**

1. An order, requiring defendants to return the corporate records of one of the defendants, including certain records specified, to the state and bring them into court for inspection and use on the trial, and to keep them in the state for such inspection, was not appealable under Section 548, L. O. L., as an order determining the action or suit so as to prevent a judgment or decree, or any other provision of that section, or as an order amounting to a peremptory writ of *mandamus*.

From Baker: GUSTAV ANDERSON, Judge.

In Banc.

The principal case was before this court on appeal and is reported in 86 Or. 1 (166 Pac. 965, 167 Pac. 1167). In the opinion this court adverted to the fact that the books of the Columbia Gold Mining Company had been sent out of the state, after an order had been passed enjoining defendant Richardson from removing them, and called attention to their value to plaintiff as testimony, commenting severely upon the conduct of the defendant Richardson in removing them and conspiring with Backus & Brooks in deceiving the court on the trial as to their whereabouts, suggesting that upon a retrial—

"A mandatory injunction should issue, requiring the Columbia Gold Mining Co. to return its records to this state and keep them here for inspection, as required by Section 6694, L. O. L."

Acting probably on this suggestion, the plaintiff, in his amended complaint, prayed for such an injunction,

95 Or.—39

but nothing seems to have been done in the premises until the case came on trial, when the court—upon motion made in open court, defendants' attorney being present—made an order reciting that prior to the trial notice had been duly served upon defendant Mining Company to produce said corporate records, and that they had not been produced, and that it appeared from the records and files of the court on the former trial, that since the commencement of this suit and prior to the former trial, said records were in the office of the defendant company in Minneapolis, State of Minnesota, and that said defendant Harris Richardson then and there, as such attorney, had access to said records and examined the same, and that as such attorney he produced and offered in evidence before the referee, before whom the testimony was taken, detached portions of said corporate records, etc. It was therefore ordered—

"That said defendant, Columbia Gold Mining Company, and its said attorney, Harris Richardson, be and are, and each of them is, hereby directed and required to bring, or return, or cause to be brought or returned, to this state and into this court, within ten days from the date hereof, for inspection and use in the trial of said cause, and to keep for such inspection in this state, all the corporate records of said defendant, Columbia Gold Mining Company, including therein all its records of meetings of its stockholders and of its board of directors, and its stock books and records showing the names of the original stockholders, their respective shares, the amounts paid, the amounts due therefor, if any, and all transfers thereof, by whatever names such books or records may be designated."

The defendant company appeals from this order, and the plaintiff moves to dismiss the appeal.

APPEAL DISMISSED.

*Messrs. Smith & Smith, Mr. J. H. Nichols* and *Mr. John L. Rand,* for the motion.

*Mr. M. D. Clifford* and *Mr. Harris Richardson, contra.*

McBRIDE, C. J.—The order is not appealable.

Section 548,.L. O. L., is as follows:

" * * An order affecting a substantial right, and which in effect determines the action or suit so as to prevent a judgment or decree therein. * -* "

The order did not "determine the action or suit so as to prevent a judgment or decree therein." Nor does it come within any other of the causes upon which the section quoted predicates a right of appeal. It was purely interlocutory and could only be reviewed here, if at all, upon a final appeal bringing up the whole case.

It is claimed the order amounted to a peremptory writ of *mandamus,* but an examination of our *mandamus* statute discloses very slight resemblance between that proceeding and the course pursued here. While the complaint asked for a "mandatory injunction," the order actually made amounted to no more than the one usually made against a reluctant defendant, who refused to produce documents required by the opposing party for use on the trial.

The appeal is dismissed.      APPEAL DISMISSED.